RORY BRIAN HORN            )
        Plaintiff        )
                )
v.                        )        1:10-cv-253
                )        COLLIER/CARTER
MICHAEL J. ASTRUE,        )
  Commissioner of Social Security    )
        Defendant       )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 18), is before the undersigned having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b).

### II.   Discussion

In order to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), four conditions must be met:

(1)    The plaintiff must be a prevailing party;

(2)    The application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3)    No special circumstances warranting denial of fees may exist; and

(4)    The government's position must be without substantial justification.

28 U.S.C. §2412(d); *see also*, *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

In the instant case, the Commissioner has responded to the motion for attorney's fees under the EAJA and objects to the granting thereof.   The Commissioner computes the last day allowed for

1

filing of the EAJA as December 5, 2012. The computation is contained in the Defendant's response (Doc. 21, p.2), which I conclude is an accurate computation. Essentially the last day for a party to appeal when a federal officer is a party is sixty (60) days after entry of judgment, during which time any party has the right to appeal. Plaintiff had thirty (30) days after that to file the EAJA application, or December 5, 2012. The Petition for EAJA fees was not filed until January 12, 2012, 38 days after the deadline.

Although the doctrine of equitable tolling is applicable to an application for attorney fees and expenses under EAJA, (*see Townesend v. Commissioner of Social Security,* 415 F. 3d 578, 581-583 (20005)) Plaintiff can avoid dismissal only if he establishes exceptional circumstances and the burden is on him to do so. The standard is set out in *Kellum v. Commissioner of Social Security,* 295 Fed. Appx. 47, 2008 WL 4428413 (C.A.6 (Tenn)) as follows:

> ...he can avoid dismissal only if he establishes exceptional circumstances warranting equitable tolling, a point on which Kellum bears the burden. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (party seeking equitable tolling bears the burden of establishing his entitlement; in the habeas context but collecting cases in other contexts); *see also Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) ("in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.' " (quoting *Davila v. Barnhart*, 225 F.Supp.2d 337, 339 (S.D.N.Y.2002))); *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed.Appx. 394 397 (3d.Cir.2003) (In the context of tolling § 405(g), "[i]t is the plaintiff who bears the burden of establishing the equitable tolling exception."). This is a high hurdle to clear, as "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). When determining whether equitable tolling should apply we consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement' (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook*, 480 F.3d at 437.

Plaintiff has filed no reply to the Commissioner's response objecting to the EAJA fees and has therefore put forth no reason why equitable tolling would apply. In light of that I recommend that EAJA fees be denied as untimely.

### III.   Conclusion

Accordingly, I RECOMMEND plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d), be DENIED. [1]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.   Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.   Failure to file objections within the time specified waives the right to appeal the District Court's order.   *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.   *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).   Only specific objections are reserved for appellate review.   *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).